FILED
Cathy Ownbey
C2016-1752B
10/24/2016 10:34:58 AM
Heather N. Kellar
Comal County
District Clerk

NO. _C2016-1752B_

| | | |
|---|---|---|
| KIRK MORGAN AND SHARON MORGAN | § § § | IN THE DISTRICT COURT |
| VS. | § § | 207 JUDICIAL DISTRICT |
| ALLSTATE INSURANCE COMPANY, A/K/A ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | § § § § | COMAL COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME KIRK MORGAN and SHARON MORGAN, hereinafter referred to as Plaintiffs, and file this, their Plaintiffs' Original Petition, complaining of ALLSTATE INSURANCE COMPANY, also known as ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, hereinafter referred to as Defendant, and for cause of action, would respectfully show unto the Court as follows:

I.

Discovery is intended to be conducted under Level 2 of the Texas Rule of Civil Procedure 190.

II.

The Plaintiffs herein reside at 8006 Silverwings, Spring Branch, Comal County, Texas.

The Defendant, ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, is an insurance company and may be served with process herein by serving its attorney for service, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

III.

Unless otherwise stated, whenever it is alleged that Defendant committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it means that

EXHIBIT B-1

this Defendant was acting through its authorized agents, servants, or employees acting within the course and scope of their employment with either express, implied, apparent, or ostensible authority; or that Defendant subsequently ratified these representations, statements or conduct.

## VENUE
### IV.

Venue of this case is proper in Comal County, Texas, as this is the county where the cause of action or a part thereof arose. Specifically, it is in Comal County, Texas where the policy of insurance in question was signed, and, additionally, it is in Comal County, Texas where Defendant breached its representations to Plaintiffs, and it is in Comal County, Texas where the Plaintiffs suffered their damages.

### V.

On or about September 25, 2015, the Plaintiffs herein made an application for property insurance with the Defendant herein. Said application was accepted by Defendant insurance company, and thereafter, said Defendant accepted payment of premiums from Plaintiffs in return for promised property insurance coverage. Said policy of insurance was represented to provide hail coverage for the insured homestead. Said application for insurance was contracted through an Allstate agent, Harbans Soni, on behalf of the Defendant. On or about April 2016, some of the property covered under this insurance policy was damaged by hail; this hail was so devastating, it created dents and in some areas tore the metal roof apart, creating a ponding effect throughout the metal roof, causing them to rust and leak. While the Plaintiffs were reeling from their loss, Allstate's "National Catastrophe Team" contacted the Plaintiffs on May 3, 2016 and inspected their property on May 10, 2016. Their estimate of repairs was completed on June 2, 2016 and presented to the Plaintiffs. Plaintiffs made claim under the policy in question for the repair and replacement value of the damaged property, and the Defendants have failed and

refused, and still fail and refuse, to compensate the Plaintiffs for the actual value of the damaged properties.

Although demand for said payment was made by Plaintiffs themselves, and through their attorney, the Defendant has continued to refuse to compensate Plaintiffs for the repairs and replacement value of said covered property. In this regard, see demand letter dated July 26, 2016, forwarded to Allstate Insurance, to the attention of Harbans Soni, Agent. Said demand letter is attached hereto, marked Exhibit "A", and made a part of this pleading as if set forth at length. The demand was refused by said company in their response dated August 5, 2016. Said response is attached hereto and marked Exhibit "B" and made a part of this pleading as if set forth at length.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### VI.

Plaintiffs reallege and incorporate by reference all the facts and allegations set forth in Paragraph No. V. above.

Plaintiffs would show that Defendant, ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, due to the acts enumerated above, breached its contract of insurance in question with Plaintiffs, causing damages to Plaintiffs as hereinafter set forth.

### VII.

Due to the conduct of Defendant, Plaintiffs have sustained actual damages in the amount of $80,238.90 (including deductible), which is in excess of the minimum jurisdiction of this Honorable Court and therefore ask the Jury and Court to award them their actual damages.

### VIII.

In addition, Plaintiffs would show that they are entitled to pre-judgment interest as

permitted by law for their actual damages.

## SECOND CAUSE OF ACTION
## BAD FAITH
### IX.

Pursuant to the holdings in *Aetna Casualty and Surety Company vs. Marshall*, 699 S.W.2d 896 (Tex. Civ. App. - Houston, 1985, affm'd), *Arnold vs. National County Mutual Fire Insurance Company*, 725 S.W.2d 165 (Tex. 1987), and *Aranda vs. Insurance Company of North America*, 748 S.W.2d 210 (Tex. 1988), Defendant has breached the "implied covenant of good faith and fair dealing" which they owe to Plaintiffs. Such breach of Defendant's "duty of good faith and fair dealing" was the proximate cause and/or the producing cause of Plaintiffs' damages as hereinafter set forth. Plaintiffs would show that Defendant breached its duty of good faith and fair dealing in the following respects:

1. failing to promptly and equitably pay the Plaintiffs' claim when liability became reasonably clear;

2. failing to exercise good faith in the investigation and processing of the claim;

3. denying or delaying payment of the claim when there was no reasonable basis for same.

### X.

Due to the Defendant's bad faith, Plaintiffs have suffered catastrophic actual damages in the amount of $80,238.90 for loss of the covered property, as well as mental anguish caused by Defendant's bad faith. In addition, Plaintiffs are entitled to pre-judgment interest as permitted by law, as well as exemplary damages and/or punitive damages because of the above stated acts as well as the general business practices committed by Defendant and the willful, wanton and malicious nature of Defendant's conduct.

XI.

Due to the conduct of Defendant, Plaintiffs have sustained actual damages due to loss of covered property in the amount of $80,238.90, as well as mental anguish and suffering, which are far in excess of the minimum jurisdiction of this Court and therefore asks the Court and Jury to award them these catastrophic actual damages.

XII.

Plaintiffs would show that they were compelled to employ attorneys to prosecute their claim against Defendant and that, pursuant to the provisions of Texas Revised Civil Statutes Annotated, Civil Practice and Remedies Code, Section 38.001 and 38.002, and Texas Insurance Code, Article 3.62, Plaintiffs are entitled to recover reasonable and necessary attorney's fees for the prosecution of this suit against Defendant through the trial level and any appeals to the Court of Civil Appeals and to the Supreme Court of the State of Texas, or in the alternative, is entitled to the usual and customary contingency fees in the community by and between Plaintiffs and their attorneys through the trial of this case, as well as for any appeals, and said attorney's fees are in a sum far in excess of the minimum jurisdiction of this Court.

Additionally, Plaintiffs are entitled to attorney's fees for the prosecution of this suit against Defendant, as allowed under Article 21.21, Texas Insurance Code.

Plaintiffs would further show that all notice requirements as enumerated in Texas Insurance Code, Article 21.21 have been complied with.

Plaintiffs request double and/or treble damages as per Article 21.21, Texas Insurance Code, which is in an amount far in excess of the minimum jurisdiction of this Court.

XIII.

Plaintiffs hereby demand a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial, that they have judgment for their actual damages, as well as exemplary damages, which are amounts within the jurisdictional limits of the Court; interest on their actual damages at the highest legal rate; for all costs of court; for pre-judgment interest as provided by law; for post-judgment interest from the date of judgment until paid; for reasonable and necessary attorney's fees through the trial level and on any appeals to the Court of Civil Appeals and to the Supreme Court of the State of Texas; and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ Malcolm C. Halbardier*
MALCOLM C. HALBARDIER
Attorney for Plaintiffs
20115 Park Ranch
San Antonio, Texas 78259
(210) 615-1244
Fax: (210) 247-6135
State Bar No. 08718000

**MALCOLM C. HALBARDIER**
**ATTORNEY AT LAW**

20115 Park Ranch
San Antonio, Texas 78259
Telephone: (210) 615-1244
Telecopier: (210) 247-6135

July 25, 2016

Allstate Insurance
1387 Sattler Road, No. C
Canyon Lake, Texas 78132

Attention:     Harbans Soni, Agent

Re:     Kirk and Sharon L. Morgan
        8006 Silverwings
        Spring Branch, Texas 78070-3910
        Policy No.: 836 598 855

Dear Mr. Soni:

    I represent Kirk and Sharon Morgan regarding the hail damage to their home and other structures that occurred during a hailstorm on April 30, 2016.

    My clients are disputing the estimate for repairs that was prepared by Allstate National Catastrophe Team on May 10, 2016, in which Allstate's team determined the total damage to my clients' property to be $5,691.31 as a result of the hailstorm that occurred on April 30, 2016.

    My clients contracted with their own appraiser, who found that the net total for repairs to the property located at 8006 Silverwings, Spring Branch, Texas, is actually $61,696.55. I am enclosing a copy of the estimate and supporting documentation from Shelter Pro, Inc. for your reference.

    Unlike Allstate's team, the appraiser from Shelter Pro determined that there was more than just "cosmetic" damage to my clients' metal roof.

    Please review the enclosed and contact me at your convenience so that we can discuss this matter in further detail.

Very truly yours,

Malcolm C. Halbardier

MCH/slm
Encl.


EXHIBIT A

Allstate Insurance                                  2                                  July 25, 2016

cc:   Kirk and Sharon Morgan
      8006 Silverwings
      Spring Branch, Texas  78070



**Allstate**
Catastrophe Referral Office
PO BOX 672041
DALLAS TX 75267
You're in good hands.

LAW OFFICE OF MALCOLM C. HALBARDIER
3123 NW LOOP 410
SAN ANTONIO TX 782305111

August 05, 2016

INSURED: KIRK MORGAN
DATE OF LOSS: April 30, 2016
CLAIM NUMBER: 0411769201 PLT

PHONE NUMBER: 800-724-6427
FAX NUMBER: 877-307-6061
OFFICE HOURS:

Dear LAW OFFICE OF MALCOLM C. HALBARDIER,

This letter is to acknowledge receipt of your letter of representation.

Please be advised that the above referenced matter has been assigned to me for handling. All written communication should be directed to Kin Crawford. Please make a note of the claim number. You should also reference that claim number on all correspondence and telephone calls to ensure that there is no delay in consideration of our insured's claim.

Allstate does not waive any of its rights or defenses with regard to any potential claims under the policy by any action previously taken or by any action taken in the future. Rather Allstate reserves all of its rights and possible defenses in any way relating to questions raised by any such potential claims.

Please find enclosed a copy of the Metal Surfaces Cosmetic Exclusion Endorsement AVP166-01. Damage to the dwelling roof was determined to not cause penetration or change the material's ability to shed water. This endorsement applies to that issue.

If you have any questions, you may contact me at: Allstate Insurance Company, Catastrophe Referral Office, 2775 Sanders Rd. Northbrook, IL 60062; Phone: 847-667-8053, Fax 877-307-6061. Email address cpnhk@allstate.com

Sincerely,

*KINNETH CRAWFORD*

KINNETH CRAWFORD
800-724-6427 Ext. 6678053
Allstate Vehicle and Property Insurance Company



EXHIBIT B

GEN1001                                            0411769201 PLT

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

## Metal Roof Surfaces Cosmetic Damage Exclusion Endorsement – AVP166-1

In **Section I—Your Property**, under **Losses We Do Not Cover Under Coverages A, B and C**, the following item is added to paragraph D:

> Cosmetic damage caused by hail to a metal **roof surface**, including but not limited to, indentations, dents, distortions, scratches, or marks, that change the appearance of a metal **roof surface**.
>
> We will not apply this exclusion to sudden and accidental direct physical damage to a metal **roof surface** caused by hail that results in water leaking through the metal **roof surface**.

All other policy terms and conditions apply.



**Allstate**
You're in good hands.

Catastrophe Referral Office
PO BOX 672041
DALLAS TX 75267

LAW OFFICE OF MALCOLM C. HALBARDIER
3123 NW LOOP 410
SAN ANTONIO TX 782305111

August 05, 2016

INSURED: KIRK MORGAN
DATE OF LOSS: April 30, 2016
CLAIM NUMBER: 0411769201 PLT

PHONE NUMBER: 800-724-6427
FAX NUMBER: 877-307-6061
OFFICE HOURS:

Dear MALCOLM C. HALBARDIER,

On March 16, 2016 you were sent a letter explaining the reason there was no coverage for your roof as it was improperly installed. The letter stated as follows:
After reviewing your policy we were unable to provide coverage for your roof. Please refer to Section I—Your Property, paragraph Losses We Do Not Cover Under Coverage A and B: of your House & Home policy. It states:

D. Under Dwelling Protection–Coverage A and Other Structures Protection–Coverage B of this policy, we do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

1. The failure by any insured person to take all reasonable steps to save and preserve property when the property is endangered by a cause of loss we cover.

11. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
a) Planning, zoning, development, surveying, siting;
b) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
c) Materials used in repair, construction, renovation or remodeling; or
d) Maintenance; of property whether on or off the residence premises by any person or organization.

In addition, this also addresses the claim you made for interior damages as your policy states in part on page 8:

Losses We Cover Under Coverage A and B:
We will cover sudden and accidental direct physical loss to property described in Dwelling Protection–Coverage A and Other Structures Protection–Coverage B except as limited or excluded in this policy.

As the stains in the ceiling areas are the result of ongoing leaks, they are not considered sudden and accidental.

Also, you made claim for damages to some contents. As no storm damage or storm created opening was determined, your policy states in part on page 13 and the follow applies:

Losses We Cover Under Coverage C:
2. Windstorm or hail.
    We do not cover:
a) loss to covered property inside a building structure, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;

0411769201 PLT



3000020160805TR015000084001001000102

Sincerely,

*KINNETH CRAWFORD*

KINNETH CRAWFORD
800-724-6427 Ext. 6678053
Allstate Vehicle and Property Insurance Company

GEN1001                    0411769201 PLT